**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:19-CV-00111-HBB**

**GEORGE W. MILLER**                                                                 **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION[1]**                          **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of George W. Miller ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 9) and Defendant (DN 23) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered

---

1 Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

November 18, 2019 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

### FINDINGS OF FACT

On October 26, 2015, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 10, 221-22, 223-31).   Plaintiff alleged that he became disabled on November 2, 2013, as a result of a heart condition, diabetes, degenerative disc disease, arthritis, and obesity (Tr. 10, 266).   Administrative Law Judge A. Benton ("ALJ") conducted a video hearing from Saint Louis, Missouri (Tr. 10, 37-40).   Plaintiff and her attorney, Charles Burchett, participated from Bowling Green, Kentucky (Id.).   Corinne J. Porter, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated July 6, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 10-23).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 2, 2013, the alleged onset date (Tr. 12).   At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: degenerative disc disease of the lumbar spine, obesity, diabetes mellitus, obstructive sleep apnea, and coronary artery disease (Id.).   The ALJ also determined that all other impairments alleged by Plaintiff are "non-severe" or not medically determinable because they have been responsive to treatment, cause no more than minimal vocationally relevant limitations, have not lasted or are not expected to last at a "severe" level for a continuous period of 12 months, are not expected to result in death, or have not been properly diagnosed by an acceptable medical source (Tr. 13).   The ALJ specifically explained that

2

Plaintiff's depression, a medically determinable impairment, did not cause more than minimal limitation as it responded to medication (Tr. 13-14).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).   Next, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a range of light work because he can occasionally climb stairs and ramps; can never climb ladders and scaffolds; can frequently balance; can occasionally stoop, kneel, crouch and crawl; and he must avoid concentrated exposure to hazards such as unprotected heights and moving parts (Tr. 15).   At the fourth step, the ALJ relied on testimony from the vocational expert to find that Plaintiff's RFC prevents him from being able to perform his past relevant work as a press brake operator (Tr. 21).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-23).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 22-23).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from November 2, 2013 through the date of the decision, July 6, 2018 (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 218-20).   The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

> 5)   Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Finding No. 3

1.   Arguments of the Parties

Plaintiff acknowledges that the adjudged severe impairments are supported by substantial evidence (DN 15 PageID # 919-20).   Plaintiff contends the evidence demonstrates he has these additional "severe" cardiac impairments: heart dysfunction with diastolic disease as well as systolic contraction disease following a history of ischemic injury (Id. citing Tr. 358, 364, 527, 528, 562, 633, 668, 706, 736, 771).   Plaintiff asserts while the decision finds blockage of the coronary arteries to be a severe impairment, the numerous findings regarding disease and dysfunction of the heart muscles must be addressed (Id.).   Plaintiff contends the medically documented loss of heart function would impose additional restriction interfering with his ability to sustain the cardiovascular demands of the full range of light work (Id.).

Defendant asserts that while Plaintiff points to peripheral diagnoses and symptoms, there are no records showing a medical source diagnosed him with heart dysfunction with diastolic disease as well as systolic contraction disease following a history of ischemic injury (DN 23 PageID # 943-47 citing Tr. 577, 771).   Defendant argues that Plaintiff has not cited any evidence in the record, nor does any exist, demonstrating these impairments are medically determinable severe impairments (Id.).   Defendant further points out that Plaintiff has not identified any

evidence in the record showing what additional restrictions would be appropriate (Id.).   Defendant also points out because the ALJ found Plaintiff has severe impairments the failure to find these impairments are severe is harmless error (Id.).

　2.  Discussion

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ."  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).   To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities."   20 C.F.R. §§ 404.1522(a), 416.922(a).   The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1522(b), 416.922(b).   To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment.   20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).   To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months."   20 C.F.R. §§ 404.1509, 416.909.

The Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the administrative

law judge should consider both the severe and non-severe impairments in the remaining steps. *See* Anthony v. Astrue, 266 F. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)).   So long as the administrative law judge finds that other impairments are severe, continues with the sequential evaluation process, and considers all the claimant's impairments in the remaining steps, the error is harmless.   Maziarz, 837 F.2d at 244; Mish v. Comm'r of Soc. Sec., No. 1:09-CV-753, 2011 WL 836750, at *1-2 (W.D. Mich. Mar. 4, 2011); Stephens v. Astrue, No. 09-55-JBC, 2010 WL 1368891, at *2 (E.D. Ky. Mar. 31, 2010); Meadows v. Comm'r of Soc. Sec., No. 1:07cv1010, 2008 WL 4911243, at *12-13 (S.D. Ohio Nov.13, 2008); Jamison v. Comm'r of Soc. Sec., No. 1:07-CV-152, 2008 WL 2795740, at *8-9 (S.D. Ohio July 18, 2008); Tuck v. Astrue, No. 1:07-CV-00084-EHJ, 2008 WL 474411, at *3 (W.D. Ky. Feb. 19, 2008).

Here, the ALJ found that Plaintiff had several "severe" impairments, continued with the sequential evaluation process, and considered all of Plaintiff's impairments in the remaining steps (Tr. 12-23).   Notably, in making the RFC assessment the ALJ considered all the medical records pertaining to Plaintiff's coronary artery disease, including those cited in Plaintiff's argument (*compare* Tr. 16-21 citing Exhibits 7A, 8A, 1F, 2F, 4F, 5F, 6F, 7F, 8F, 9F, 10F, 11F *with* DN 15 PageID # 919-20 citing Exhibits 1F at Tr. 358 and 364, 6F at Tr. 527 and 528, 7F at Tr. 562 and 633, 8F at Tr. 668, 9F at Tr. 706, and 11F at Tr. 771).   The ALJ may not have explicitly mentioned each of the pieces of evidence cited by Plaintiff.   But, there is no requirement that the ALJ discuss every piece of evidence in the record.   *See* Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).   Further, Plaintiff has not cited any opinion evidence in the record that

8

demonstrates these additional purportedly severe impairments caused any further functional limitations.   Therefore, the alleged error is harmless.

Finding No. 4

1.   Arguments of the Parties

Plaintiff acknowledges the ALJ reviewed his impairments using section 1.00 *et seq.* (musculoskeletal system), section 3.00 *et seq.* (respiratory disorders), section 4.00 *et seq.* (cardiovascular system), and section 9.0 (endocrine disorders) of the Listing of Impairments in Appendix 1 (DN 15 PageID # 920-24).   Plaintiff argues the ALJ erred by failing to more specifically evaluate whether he meets or medically equals Listings 1.04A (disorders of the spine) or 4.04C (ischemic heart disease) (Id.).   Plaintiff asserts "[i]t cannot be said the administrative review of the listing issue amounts to harmless error because it is possible that the evidence of record could meet or medically equal Listing 1.04A or 4.04C" (Id.).   Plaintiff contends without these evaluations it is impossible to say that the ALJ's finding at step 3 is supported by substantial evidence (Id.).

Defendant points out that under the regulations and controlling Sixth Circuit precedent Plaintiff has the burden of demonstrating he meets or medically equals a listed impairment (DN 23 PageID # 947-53).   To satisfy this burden, Plaintiff must proffer objective medical evidence, beyond a mere diagnosis, to establish each element of the listing (Id. citing   20 C.F.R. §§404.1525(c)(3) and (d), 404.1526(b), 416.925(c)(3) and (d), 416.926(b); Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001)).   Defendant asserts that Plaintiff has not identified all the criteria for Listings 1.04A or 4.04C, let alone attempted to demonstrate he satisfied all of the criteria (Id.). Defendant reasons because Plaintiff did not carry his burden to establish that he met or medically

9

equaled each and every criteria of Listings 1.04A or 4.04C any alleged error is harmless (Id.).

    2.  Discussion

At the third step, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Turner v. Comm'r of Soc. Sec., 381 F. Appx. 488, 491 (6th Cir. 2010).  The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. §§ 404.1525(a), 416.925(a).

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing."  20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3).  A claimant must satisfy all the criteria to "meet" the listing and be deemed disabled.  See 20 C.F.R. §§ 404.1525(c)(3) and (d), 416.925(c)(3) and (d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984).  However, a claimant is also deemed disabled if her impairment is the medical equivalent of a listing.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Turner, 381 F. Appx. at 491.  Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. §§ 404.1526(a), 416.926(a).  "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment."  Reynolds v. Comm'r Soc. Sec., 424 F. Appx 411, 415 (6th Cir. 2011).  Additionally, the administrative law judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's

impairment is the medical equivalent of a listing.   *See* 20 C.F.R. §§ 404.1526(c) and (d), 416.926(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

In Finding No. 4 the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" (Tr. 14).   In the paragraph that follows the ALJ commented:

> In reaching this conclusion, I have reviewed the claimant's impairments using section 1.00 *et seq.* (musculoskeletal system), section 3.00 *et seq.* (respiratory disorders), section 4.00 *et seq.* (cardiovascular system), and section 9.00 (endocrine disorders) of the Listing of Impairments contained in 20 CFR Part 404, Subpart P, Appendix 1.   The current evidence, however, fails to establish an impairment that meets or medically equals a listed impairment (SSR l7-2p).   Further, the claimant's treating or examining physicians of record have not reported all the necessary clinical, laboratory, pathology, radiographic, or operative findings specified therein.

(Tr. 14).

Essentially, Plaintiff is arguing the ALJ should have specifically evaluated Listing 1.04A in Section 1.00 *et seq.* and Listing 4.04C in Section 4.00 *et seq.* "because it is possible that the evidence of record" could support a finding that he meets or medically equals one of these listings (DN 15 PageID # 924).   The Sixth Circuit has indicated that administrative law judges need to actually evaluate the evidence, compare it to a specific Section in Appendix 1, and give an explained conclusion, in order to facilitate meaningful judicial review.   *See* Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 416 (6th Cir. 2011).   Here, the ALJ evaluated the evidence, compared it to four specific sections in Appendix 1, and gave a brief explanation why Plaintiff did not meet or medically equal any of the listings within these four sections.   Specifically, the

medical evidence lacks the necessary clinical, laboratory, pathology, radiographic, or operative findings specified in each of the listings within each of the four sections.   Certainly, the ALJ could have provided a more thorough explanation.   However, the ALJ provided enough of an explanation to facilitate a judicial review.

At the reconsideration level, the non-examining state agency medical consultant, Dr. Reed, reviewed the record and concluded Plaintiff did not meet or medically equal Listing 1.04 (Tr. 91-98).   This necessarily means Dr. Reed considered the diagnostic and severity requirements of paragraphs A, B. and C of Listing 1.04 in reaching his conclusion.   Further, while Plaintiff has degenerative disc disease, he has not cited evidence in the record showing it results "in compromise of a nerve root (including the cauda equina) or the spinal cord" as required by the introductory paragraph of Listing 1.04.   Additionally, Plaintiff has not cited evidence in the record demonstrating he has nerve root compression that it is causing all the required symptoms in Listing 1.04A on a consistent enough basis to satisfy the durational requirement (Id.).   For example, positive straight-leg-raising test (sitting and supine) is one of the required symptoms in Listing 1.04A.   Plaintiff has not demonstrated he satisfied that required symptom on a consistent basis. Nor is it likely that he can because the ALJ noted Plaintiff's straight-leg-raise testing was negative bilaterally in August 2015 (Tr. 17 citing Tr. 458).

Regarding Listing 4.04C, there are two cardiac stress tests in the record, February 2016 which is before the bypass surgery and July 2017 which is after the bypass surgery, both of which show normal results including a normal perfusion study, a normal ejection fraction, a negative EKG portion, and normal wall (Tr. 548-49, 768-69).   Additionally, while Plaintiff claims he met the angiographic evidence requirements, he fails to show he has the required "very serious

12

limitations in the ability to independently initiate, sustain, or complete activities of daily living"
as required in Listing 4.04C(2).   Moreover, it is very unlikely the ALJ would have found Plaintiff
satisfied the paragraph C(2) requirement given the ALJ's findings regarding Plaintiff's level of
daily activity (Tr. 16), the ALJ's assignment of significant weight to the functional findings of Dr.
Reed (Tr. 20-21, 95-98), and the ALJ's conclusion that Plaintiff has the RFC to perform a range
of light work (Tr. 15, 16-21).

In sum, the ALJ's step 3 evaluation is supported by substantial evidence in the record and
comports with applicable law.

### Finding No. 5

Plaintiff argues that the RFC in Finding No. 5 is not supported by substantial evidence
because the ALJ failed to fully evaluate his severe impairments as mentioned in his objection to
Finding No. 3 (DN 15 PageID # 924).   Plaintiff contends the ALJ omitted an analysis of the
additional limitations that result from the alleged impairments of heart dysfunction and ischemic
injury (Id.).

As explained above, the ALJ found that Plaintiff had several "severe" impairments,
continued with the sequential evaluation process, and considered all of Plaintiff's impairments in
the remaining steps (Tr. 12-23).   In making the RFC assessment the ALJ considered all the
medical records pertaining to Plaintiff's coronary artery disease, including those cited in Plaintiff's
argument (*compare* Tr. 16-21 citing Exhibits 7A, 8A, 1F, 2F, 4F, 5F, 6F, 7F, 8F, 9F, 10F, 11F
*with* DN 15 PageID # 919-20 citing Exhibits 1F at Tr. 358 and 364, 6F at Tr. 527 and 528, 7F at
Tr. 562 and 633, 8F at Tr. 668, 9F at Tr. 706, and 11F at Tr. 771).   The ALJ may not have
explicitly mentioned each of the pieces of evidence cited by Plaintiff.   But there is no requirement

13

that the ALJ discuss every piece of evidence in the record.   *See* Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).   The ALJ's RFC determination set forth in Finding No. 5 is supported by substantial evidence in the record and comports with applicable law.

Finding Nos. 10 and 11

Plaintiff contends these Step 5 determinations are not supported by substantial evidence because of the reasons specified in his objections to Finding Nos. 3 and 5 (DN 15 PageID # 925). For the reasons set forth above, Finding Nos. 3 and 5 are supported by substantial evidence in the record and comport with applicable law.   Therefore, Plaintiff's objections to Finding Nos. 10 and 11 must fail.   Finding Nos. 10 and 11 are supported by substantial evidence and comport with applicable law.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

April 22, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:          Counsel

14